**IN RE: VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION.**

**MDL No. 2249.**

United States Judicial Panel on Multidistrict Litigation.

Sept. 6, 2011.

Before KATHRYN H. VRATIL, Acting Chairman, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., and BARBARA S. JONES, Judges of the Panel.

## TRANSFER ORDER

KATHRYN H. VRATIL, Acting Chairman.

Before the Panel: * Pursuant to 28 U.S.C. § 1407, plaintiff in a District of Minnesota declaratory judgment action, Qualcomm, Inc., moves for centralization in the District of Minnesota. This litigation currently consists of the eleven actions listed on Schedule A, which are pending in nine districts.[1]

No party opposes centralization. Over 150 alleged end user infringer defendants or manufacturer/supplier plaintiffs in declaratory judgment actions support centralization in the District of Minnesota. Patentholder PJC Logistics, LLC (PJC) supports centralization in the Northern District of Texas.

■ On the basis of the papers filed and hearing session held, we find that these eleven actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All eleven actions share facts related to the infringement or validity of U.S. Patent No. 5,223,-844 ('844 patent), which is entitled "Vehicle Tracking and Security System" and relates to wireless and position location reporting technology used in fleet manage-

---

* Judges John G. Heyburn II, Paul J. Barbadoro and Marjorie O. Rendell did not participate in the decision of this matter.

1. The parties have notified the Panel of three related actions pending as follows: two actions in the Northern District of Texas, and an action in the District of Minnesota. These actions and any other related actions are potential tag-along actions. See Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

ment applications. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

 We are persuaded that the District of Minnesota is an appropriate transferee district for pretrial proceedings in this litigation. This district is a primary choice for transferee forum for all but one responding party. Moreover, since this readily accessible district is near the headquarters of several suppliers of allegedly infringing products, relevant documents and witnesses likely will be found there.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank, for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

MDL No. 2249 — **IN RE: VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION**

*District of Delaware*
PJC Logistics, LLC v. A. Duie Pyle Inc., et al., C.A. No. 1:11–00231

*Middle District of Florida*
PJC Logistics, LLC v. AAA Cooper Transportation, Inc. et al., C.A. No. 3:11–00301

*Northern District of Illinois*
PJC Logistics, LLC v. A & R Logistics, Inc., et al., C.A. No. 1:11–01983

*District of Minnesota*
PJC Logistics, LLC v. Anderson Trucking Service, Inc., et al., C.A. No. 0:11–00675
Qualcomm Inc., v. PJC Logistics, LLC, C.A. No. 0:11–00865
Xata Corp. v. PJC Logistics, LLC, C.A. No. 0:11–00871

*District of Nevada*
PJC Logistics, LLC v. Act Transportation, et al., C.A. No. 2:11–00418

*District of Oregon*
PJC Logistics, LLC v. Doug Andrus Distributing LLC, et al., C.A. No. 3:11–00337

*Eastern District of Texas*
PJC Logistics, LLC v. Acme Truck Line, Inc., et al., C.A. No. 6:11–00125

*Northern District of Texas*
PJC Logistics, LLC v. ABF Freight Systems Inc., et al., C.A. No. 3:11–00548

*Eastern District of Virginia*
PJC Logistics, LLC v. Averitt Express, Inc., et al., C.A. No. 1:11–00279